## Buschmeyer v. Kentucky Carriers, Incorporated.

(Decided December 4, 1931.)

W. S. HEIDENBERG for appellant.

PETER, LEE, TABB, KRIEGER & HEYBURN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Buschmeyer sued the Kentucky Carriers for $10,250 for personal injuries. The jury found for the defendant and plaintiff has appealed.

His grounds for reversal are that the verdict is flagrantly against the evidence and that instruction No. 2 is erroneous. Plaintiff was injured in the city of Louisville, Ky., at about 8:10 a. m. April 4, 1930, when the model ''T'' Ford coupe which he was driving north on Twenty-Fourth street was struck by a bus belonging to the Kentucky Carriers which was then being driven west on Madison street.

Buschmeyer's own testimony was that as he approached the intersection of these streets he was going about five or six miles an hour and could have stopped his machine within a foot, that he looked both ways on Madison street, and saw nothing and started across at the same speed, that when he was better than halfway across he heard the screech of brakes and looking up saw the bus within twenty-five feet of him, that he put on the gas thinking he could avoid the bus, but his engine was cold, it did not pick up, and the crash came. There is a photograph of the wrecked Ford, filed with Buschmeyer's testimony, and judging from it, the front of the Ford must have been in front of the bus when the crash came. The right front wheel and fender of the Ford were destroyed, but the right rear wheel and fender were uninjured except a small dent in that fender.

From this evidence alone the jury may have concluded Mr. Buschmeyer brought about his own injury by not looking when he started and as he went across the street, by not stopping when he saw the bus, for he said he could have stopped within a foot or by stepping on the gas and trying to cross in front of the bus. Hence the verdict is supported by the evidence.

His criticism of instruction No. 2 is without merit. The plaintiff complains of this language, used in that instruction:

"To keep his automobile under reasonable control, to keep a lookout ahead for vehicles upon the street in front or so nearly in front of his machine as to be in danger of coming into collision therewith, and it was his duty to yield the right of way to the bus of the defendant approaching from his right unless you believe from the evidence that said bus was further from the point of the intersection of the paths of the two machines than was plaintiff's machine, in which latter event it was the duty of the driver of the defendant's bus to yield the right of way to the plaintiff's machine, and it was plaintiff's further duty to exercise ordinary care to so run and operate his machine as to avoid coming into collision with vehicles upon the street."

This appears to us to be a correct statement of the law, but it was objected to by Buschmeyer and he complains of it because, as he says, there is no evidence he did not have his Ford under control, etc.; but it seems that his contention is fully answered by this which is taken from Louisville Ry. Co. v. Byers, 130 Ky. 437, 113 S. W. 463, 464: "Whether there was any evidence of a failure of the motorman to keep a lookout or not, that part of the instruction objected to was nevertheless proper."

Plaintiff alleged this accident was the result of negligence of the defendant, which the latter denied and it alleged the accident was the result of negligence on the part of the plaintiff which he denied. The proof was conflicting. These were questions for the jury. We find no fault in the instructions.

The judgment is affirmed.

CHIEF JUSTICE DIETZMAN, not sitting.